UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHERRY E. BECKER,

            Plaintiff,

      v.

ORCHARD HILLS APTS;
RIVERSTONE RESIDENTIAL
GROUP, LLC; LAURA GONZALEZ;
JOLENE HIVELY; CATHY
CLAPPER; INVESTORS CAPITAL
GROUP, LLC; KENNEWICK
HOUSING AUTHORITY; NAOMI
REESE; AND LINDSEY PLUCKER,

            Defendants.

NO.  CV-11-5108-RMP

ORDER GRANTING PLAINTIFF'S
MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND
GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE
PLEADINGS

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 1

1        This matter comes before the Court on a motion for judgment on the

2    pleadings, ECF No. 62, by all of the above-captioned Defendants, except

3    Kennewick Housing Authority ("KHA"), Naomi Reese, and Lindsey Plucker.[1]

4        This matter also comes before the Court on a motion to resubmit the

5    documents supporting the original complaint, ECF No. 42, by Plaintiff Sherry

6    Becker, who is proceeding pro se.  As the Court indicated to Ms. Becker upon her

7    filing of the amended complaint, an amended complaint supersedes the original

8    complaint, and after an amended complaint is filed the Court treats the original

9    complaint as non-existent.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th

10   Cir.1997); *see also* Fed. R. Civ. P. 15(c).  However, to construe liberally and

11   sufficiently comprehend Ms. Becker's filings, the Court finds it necessary and

12   justifiable to refer to the documents supporting Ms. Becker's original complaint,

13   ECF No. 4.  Therefore, the Court grants Ms. Becker's motion, ECF No. 62, and

14   directs that the docket entry for the amended complaint, ECF No. 7, be amended to

15   reflect that the exhibits for the original complaint, ECF No. 4 at 9-47, shall be

16   considered to be attachments to the amended complaint as well.

17   _____

18   [1] The caption in this matter shall be amended to reflect Defendants' assertion that

19   the proper party name for "Orchard Hills Apartments" is instead "Strata Orchard,

20   LLC" for purposes of this lawsuit.

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 2

Ms. Becker alleges that the Defendants Strata Orchard, LLC ("Strata"), Riverstone Residential Group, LLC ("Riverstone"), and individual Defendants Laura Gonzalez, Jolene Hively, and Cathy Clapper, under the direction of Defendant Investor's Capital Group, LLC" ("Investor's"), violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq* ("FHA"), by denying Ms. Becker reasonable accommodation in the form of a free parking space close to her apartment, by discriminating against Ms. Becker on the basis of her disability, and by charging Ms. Becker illegally high rent based on a mistaken belief that Ms. Becker was hiding income from the United States Coast Guard.

In Ms. Becker's amended complaint, she further alleges that Defendants Kennewick Housing Authority ("KHA") and KHA employees Naomi Rees and Lindsey Plucker violated the Fair Housing Act by allowing Riverstone, Investor's and the individual Defendants to increase the rent, refusing to negotiate the rental amount on behalf of Ms. Becker, and failing to hold a hearing in response to Ms. Becker's grievances. In addition, Ms. Becker alleges that Ms. Plucker and Ms. Reese "worked behind the scenes [at KHA] and were in the process of trying to make it look like Plaintiff Becker was not complying with furnishing requested information along with trying to make it look like she had hidden income from the COAST GUARD." ECF No. 7 at 3 (capitalization in original).

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 3

1    The Court directed the U.S. Marshals to serve the amended complaint on

2    Defendants on behalf of Ms. Becker, and the Defendants answered Ms. Becker's

3    complaint.

4                                    ***Background***

5        The Court notes that Ms. Becker informed the Court at a telephonic

6    scheduling conference on March 23, 2012, that she is no longer living in the

7    Orchard Hills Apartments ("Orchard Hills") in Richland Washington, as of March

8    7, 2012.  ECF Nos. 78 & 79; *see also* ECF No. 68 (Change of Address Notice from

9    Ms. Becker). The Court gathers the following additional background information

10   from Ms. Becker's allegations in her amended complaint, ECF No. 7.

11       Ms. Becker identifies herself as a service-connected disabled veteran who

12   lives on social security payments and veterans' benefits who was living at the time

13   of her amended complaint in the Orchard Hills.  Ms. Becker suffered repeated

14   injuries to her lower back, leg, and ankle from a motorcycle accident in 1982, from

15   a fall in the context of a roofing job in 1995, and from a fall in the context of a job

16   at a meat processing company in 2006.  During the time that Ms. Becker was a

17   resident of the apartment complex, she paid to have a covered parking space close

18   to her apartment, a space that she requested as an accommodation for her physical

19   limitations.

20

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 4

Ms. Becker was living at Orchard Hills through a program pursuant to Section 8 of the United States Housing Act of 1937, as amended by § 201(a) of the Housing and Community Development Act of 1974, Pub.L. No. 93-383, 88 Stat. 653 (codified at 42 U.S.C. §§ 1437 to 1440), under which KHA paid a portion of Ms. Becker's rent.  According to Ms. Becker, from the start of her tenancy at Orchard Hills, the total amount of her rent payment exceeded the amount that she could be charged as a Section 8 tenant   Ms. Becker also recalls that her rent was increased in December 2010 by $55.00 purportedly based on a "market increase." In addition, in September 2011, there was an increase in the amount of Ms. Becker's contribution to her rent payments in relation to KHA's Housing Assistance Payment ("HAP") contribution.  This increase was the result of a recertification of Ms. Becker's income by the KHA.

### Analysis

As a preliminary matter, the Court notes that the moving Defendants for the first time in their reply brief seek to strike a variety of Plaintiff's attachments to her Complaint and Amended Complaint.  The Court disregards these arguments, as Ms. Becker was not given an opportunity to respond to them, and considers Plaintiff's attachments for purposes of the motion for judgment on the pleadings.  *See, e.g., Dannenfelser v. DimlerChrysler Corp.,* 370 F.Supp.2d 1191, 1097–98 (D. Haw. 2005)

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 5

1  (striking portions of summary judgment reply brief for raising new

2  arguments not brought in the opening brief); *Kowalski v. Mommy Gina Tun*

3  *Res.*, 574 F.Supp.2d 1160, 1164 (D. Haw. 2008) (disregarding arguments

4  made for the first time in summary judgment reply brief).

5  Standard for Dismissal under Federal Rule of Civil Procedure 12(c)

6  A court should grant a motion brought pursuant to Rule 12(c) where,

7  accepting as true, allegations of fact in the complaint, as construed in the light most

8  favorable to the non-moving party, "there is no issue of material fact in dispute,

9  and the moving party is entitled to judgment as a matter of law." *Fleming v.*

10  *Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). When a Rule 12(c) motion is used to

11  raise a defense of failure to state a claim, a motion for judgment on the pleadings

12  faces the same test as a motion under Rule 12(b)(6). *McGlinchy v. Shell Chem.*

13  *Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

14  A complaint may be dismissed for failure to state a claim under Rule

15  12(b)(6) where the factual allegations do not raise the right to relief above the

16  speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*,

17  550 U.S. 544, 555 (2007).

18  Conversely, a complaint may not be dismissed for failure to state a claim

19  where the allegations plausibly show that the pleader is entitled to relief. *Twombl*y,

20  550 U.S. at 555. In ruling on a motion under Rule 12(b)(6), a court must construe

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 6

1    the pleadings in the light most favorable to the plaintiff and accept all material

2    factual allegations in the complaint, as well as any reasonable inferences drawn

3    therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "[C]onclusory

4    allegations without more are insufficient to defeat a motion to dismiss for failure to

5    state a claim." *McGlinchy*, 845 F.2d at 810.

6                    Fair Housing Act Reasonable Accommodation Claim

7            The Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq., as amended by

8    the Fair Housing Amendments Act of 1988 ("FHAA"), Pub.L. No. 100-430, 102

9    Stat. 1626 (1988) ("1988 Amendments"), bars housing discrimination against

10   people with disabilities. Specifically, the FHA prohibits discrimination against

11   qualifying people (1) "in the sale or rental, or to otherwise make unavailable or

12   deny, a dwelling ... because of a handicap," 42 U.S.C. § 3604(f)(1); (2) "in the

13   terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of

14   services or facilities in connection with such dwelling," 42 U.S.C. § 3604(f)(2); (3)

15   in refusing to allow "at the expense of the handicapped person, reasonable

16   modifications of existing premises occupied ... if such modifications may be

17   necessary to afford ... full enjoyment of the premises," 42 U.S.C. § 3604(f)(3)(A);

18   (4) in refusing to make "reasonable accommodations" to rules, policies, and

19   services, "when such accommodations may be necessary to afford ... equal

20   opportunity to use and enjoy a dwelling, 42 U.S.C. § 3604(f)(3)(B); and (5) in

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 7

designing and constructing certain multifamily dwellings first occupied thirty months after September 13, 1988, 42 U.S.C. § 3604(f)(3)(C).

To state a discrimination claim under the FHA for failure to reasonably accommodate, a plaintiff must allege that (1) she "suffers from a handicap as defined by the FHAA," (2) the defendant or defendants "'knew or reasonably should have known of'" plaintiff's handicap; (3) "'accommodation of the handicap 'may be necessary' to afford [plaintiff] an equal opportunity to use and enjoy the dwelling;" and (4) the defendant or defendants "'refused to make such accommodation.'" *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004) (quoting *Giebeler v. M & B Associates*, 343 F.3d 1143, 1147 (9th Cir. 2003) (quoting *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997)).

The FHA and FHAA define a "handicapped" person as one who has a "physical or mental impairment which substantially limits one or more of such person's major life activities," as well as someone who is "regarded as having such an impairment." 42 U.S.C. § 3602(h)(1), (3). "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696,

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 8

1    699 (9th Cir. 1988).  Courts also apply liberal pleading standards to

2    determine whether a litigant has stated a claim under the FHA.  *See McGary*,

3    386 F.3d at 1262.

4         The Court finds that Ms. Becker's pleadings create a question of fact

5    regarding whether Ms. Becker qualifies as "handicapped" pursuant to the

6    above definition.  Ms. Becker submits evidence of chronic back and ankle

7    pain indicating that she may be mobility impaired.  ECF No. 4 at 22-23.

8    Furthermore, Defendants do not dispute at this time whether they knew of

9    Ms. Becker's claimed disabilities.

10        The primary dispute, rather, concerns the third and fourth elements of

11   a prima facie reasonable accommodation claim, whether the parking space at

12   issue "'may be necessary' to afford [Plaintiff] an equal opportunity to use

13   and enjoy the dwelling;" and whether Defendants "'refused to make such

14   accommodation.'" *McGary*, 386 F.3d at 1262.  Plaintiff was assigned a

15   parking spot, and she does not dispute that the parking spot met her needs.

16   However, Plaintiff claims that she should not have had to pay for the parking

17   spot and suffered financial injury as a result of Defendants' actions.

18   Plaintiff's pleadings and attached exhibits contain contradictory references

19   regarding whether other tenants received free parking spaces or whether any

20

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 9

assigned parking space in the apartment complex required payment of a fee. *Compare* ECF No. 4 at 23 *with* ECF No. 4 at 27.

In the employment context, a paid parking space may be a reasonable accommodation. *Lyons v. Legal Aid Soc'y*, 68 F.3d 1512 (2d. Cir. 1995). The regulations implementing the FHA also contemplate that a parking space may be a reasonable accommodation for a mobility impaired residential tenant. *See* Example 2 of 24 C.F.R. §100.204. The Ninth Circuit has additionally found that a landlord's refusal to waive a generally applicable resident fee to enable the use and enjoyment of a dwelling by a disabled resident can, in some circumstances, amount to a failure to accommodate under the FHA and FHAA, 42 U.S.C. § 3604(f)(3)(B). *United States v. California Mobile Home Park Management Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994).

Once Plaintiff has put forth a prima face case, the burden shifts to the landlord Defendants to demonstrate that the requested accommodation imposes an undue burden on them. *See California Mobile Home Park Management Co.*, 29 F.3d at 1418 (holding that charges of improper assessment of fees must be assessed through two-part inquiry into whether a waiver may be necessary to afford handicapped tenant equal opportunity to use and enjoy a dwelling and whether such waiver would impose an undue

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 10

1    burden on the landlord).  The fact that an accommodation requires a certain

2    amount of expenditure on the part of the landlord does not automatically

3    render that accommodation unreasonable.  *See Giebeler v. M & B Assoc.*,

4    343 F.3d 1143, 1152 (9th Cir.2003) ("accommodations need not be free of

5    all possible cost to the landlord....").  Construed liberally, Plaintiff's

6    allegations beg the question of whether the landlord Defendants should have

7    waived the parking fee to promote Plaintiff's equal use and enjoyment of her

8    then-residence.  Therefore, Defendants have not shown by reference to

9    Plaintiff's pleadings alone that they are entitled to judgment as a matter of

10   law regarding Plaintiff's reasonable accommodation claim.

11            <u>Civil Action for Discriminatory Housing Practice</u>

12            Under the FHA, a landlord must not discriminate in selling or renting,

13   "or otherwise make unavailable or deny, a dwelling to someone because of

14   the handicap of . . .  a person living . . . in the dwelling after it is . . .  rented.

15   42 U.S.C. § 3604(f)(2); 24 C.F.R. § 100.70(b).  The FHA provides for a

16   private civil action by an injured person to obtain relief from "the occurrence

17   or the termination of an alleged discriminatory housing practice."  42 U.S.C.

18   § 3613.  However, even liberally construing Ms. Becker's complaint, Ms.

19   Becker does not allege any facts supporting a nexus between her disability

20   and any action taken toward Ms. Becker by the moving Defendants.  In other

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 11

1   words, there are no specific allegations that the rent that Ms. Becker was

2   charged during her tenancy at Orchard Hills had any connection to her

3   disability.  Moreover, any allegations regarding whether Ms. Becker was

4   entitled to receive more rental assistance from KHA does not implicate the

5   moving Defendants.  Therefore, Ms. Becker's claims for damages based on

6   discriminatory housing practices by Defendants Strata, Investor's,

7   Riverstone and individual Defendants Ms. Gonzalez, Ms. Hively, and Ms.

8   Clapper are dismissed.  Accordingly, **IT IS HEREBY ORDERED**:

9      1. Plaintiff's motion to resubmit attachments to original complaint, **ECF

10        No. 42**, is **GRANTED**.  The Court directs the Clerk's Office to amend

11        the docket entry for the amended complaint, ECF No. 7, to reflect that the

12        exhibits for the original complaint, ECF No. 4 at 9-47, shall be

13        considered to be attachments to the amended complaint as well.

14     2. The motion for judgment on the pleadings, **ECF No. 62**, by Defendants

15        Defendants Strata, Investor's, Riverstone and individual Defendants Ms.

16        Gonzalez, Ms. Hively, and Ms. Clapper, is **DENIED IN PART with**

17        **respect to Plaintiff's reasonable accommodation claim and**

18        **GRANTED IN PART with respect to Plaintiff's housing**

19        **discrimination claims**.  Plaintiff's claims based on discriminatory

20        housing practices under the FHA against Defendants Strata, Investor's,

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 12

1    Riverstone and individual Defendants Ms. Gonzalez, Ms. Hively, and

2    Ms. Clapper are, thus, **DISMISSED**.

3    3.  In light of the dismissal of Plaintiff's discriminatory housing practice

4        claims with respect to Defendants Strata, Investor's, Riverstone and

5        individual Defendants Ms. Gonzalez, Ms. Hively, and Ms. Clapper, the

6        Court further **DENIES AS MOOT**, Plaintiff's motion for subpoena

7        *duces tecum*, **ECF No. 66** against Defendants Riverstone and Ms.

8        Gonzalez.

9    4.  The Court further **DENIES AS MOOT** Plaintiff's emergency motion to

10       intercede, **ECF No. 59**, on the basis that the motion seeks court

11       intervention in her move out of the Orchard Hills apartment complex,

12       which occurred in prior to March 7, 2012.  ECF Nos. 78 & 79; *see also*

13       ECF No. 68 (Change of Address Notice from Ms. Becker).

14   **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order,

15   amend the caption to substitute "Strata Orchard, LLC" as a Defendant in place of

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 13

1  the previously named "Orchard Hills Apartments," amend the docket entry for the

2  amended complaint, ECF No. 7, as specified above, and provide copies to counsel

3  and Ms. Becker.

4          DATED this 29th day of August 2012.

5

6                                  _____s/ Rosanna Malouf Peterson_____

7                                  ROSANNA MALOUF PETERSON
                                   Chief United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION TO REFILE EXHIBITS TO
ORIGINAL COMPLAINT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 14