1

2

3

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERRY E. BECKER,<br><br>                      Plaintiff,<br><br>     v.<br><br>STRATA ORCHARD, LLC, et al.,<br><br>                      Defendants. | NO:  CV-11-5108-RMP<br><br>ORDER GRANTING IN PART<br>DEFENDANT KHA'S MOTION FOR<br>JUDGMENT ON THE PLEADINGS |

**BEFORE THE COURT** is a motion for judgment on the pleadings filed by Defendant Kennewick Housing Authority ("KHA"), ECF No. 111.  Plaintiff Sherry Becker, proceeding pro se, opposes the motion.  ECF No. 121.

FACTS AND PROCEDURAL HISTORY

All defendants except for KHA ("non-KHA Defendants") previously filed a motion for judgment on the pleadings.  ECF No. 62.  The Court issued an order on August 29, 2012, granting in part and denying in part the non-KHA Defendants' motion.

ORDER GRANTING IN PART KHA'S MOTION FOR JUDGMENT ON THE
PLEADINGS ~ 1

The Court construed Ms. Becker's amended complaint as asserting causes of action for failing to provide a reasonable accommodation under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, for engaging in a discriminatory housing practice under the FHA on the basis of Ms. Becker's disability, and for charging her illegally high rent based on an allegedly mistaken belief that she was hiding income from the United States Coast Guard.  ECF No. 83, at 3.

The Court dismissed Ms. Becker's discrimination claim against the non-KHA Defendants because she failed to allege causation between her discrimination and any action taken towards her by the non-KHA Defendants.  The Court additionally dismissed Ms. Becker's claim for the alleged charging of illegal rent against the non-KHA Defendants, because her claim that she was entitled to receive greater rental assistance under the law implicated only KHA and not the other defendants.  ECF No. 62, at 11-12.

The Court declined to dismiss Ms. Becker's other claim based on an alleged refusal to provide a reasonable accommodation.  Ms. Becker's reasonable accommodation claim centers on the Defendants' alleged failure to accommodate her disability by providing her with a free parking space close to her apartment. The Court noted that Plaintiff had properly alleged a handicap under the FHA and that Defendants did not dispute that they knew or should have known of Ms. Becker's handicap.  *See, e.g.*, *McGary v. City of Portland*, 386 F.3d 1259, 1262

ORDER GRANTING IN PART KHA'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 2

1    (9th Cir. 2004) (setting forth the elements for a failure to accommodate claim

2    under the FHA).

3           The Court further noted that the parties appeared to dispute whether

4    accommodation may have been necessary to afford Ms. Becker an opportunity to

5    use and enjoy her dwelling and whether the Defendants refused to make such

6    accommodation by providing a parking space free of charge.  *See id.*  The Court

7    noted that providing a free parking space may be a reasonable accommodation in

8    some circumstances and that the non-KHA Defendants were therefore not entitled

9    to judgment as a matter of law on this claim.  ECF No. 83, at 8-11.

10           KHA has now filed a motion for judgment on the pleadings pursuant to Rule

11    12(c), asserting that it is entitled to dismissal on all of Ms. Becker's claims.

12    DISCUSSION

13           A court should grant a motion brought pursuant to Rule 12(c) where,

14    accepting as true allegations of fact in the complaint, construed in the light most

15    favorable to the non-moving party, "there is no issue of material fact in dispute,

16    and the moving party is entitled to judgment as a matter of law."  *Fleming v.*

17    *Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  When a Rule 12(c) motion is used to

18    raise a defense of failure to state a claim, a motion for judgment on the pleadings

19    faces the same test as a motion under Rule 12(b)(6).  *McGlinchy v. Shell Chem.*

20    *Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

ORDER GRANTING IN PART KHA'S MOTION FOR JUDGMENT ON THE
PLEADINGS ~ 3

1    In ruling on a motion under Rule 12(b)(6), a court must construe the

2    pleadings in the light most favorable to the plaintiff and accept as true all material

3    factual allegations in the complaint, as well as any reasonable inferences drawn

4    therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  "[C]onclusory

5    allegations without more are insufficient to defeat a motion to dismiss for failure to

6    state a claim." *McGlinchy*, 845 F.2d at 810.  A complaint may be dismissed for

7    failure to state a claim under Rule 12(b)(6) where the factual allegations do not

8    raise the right to relief above the speculative level.  *Ashcroft v. Iqbal*, 556 U.S. 662

9    (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).    Conversely, a

10   complaint may not be dismissed for failure to state a claim where the allegations

11   plausibly show that the pleader is entitled to relief. *Twombl*y, 550 U.S. at 555.

12   **A. Reasonable Accommodation Claim**

13   The Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, as amended by the

14   Fair Housing Amendments Act of 1988, Pub.L. No. 100-430, 102 Stat. 1626

15   (1988), bars housing discrimination against people with disabilities.  Such

16   discrimination includes "refusal to make reasonable accommodations in rules,

17   policies, practices, or services, when such accommodations may be necessary to

18   afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. §

19   3604(f)(3)(B).

20

To state a discrimination claim under the FHA for failure to reasonably accommodate, a plaintiff must allege that (1) she "suffers from a handicap as defined by the [FHA]," (2) the defendant or defendants "'knew or reasonably should have known of'" plaintiff's handicap; (3) "accommodation of the handicap 'may be necessary' to afford [plaintiff] an equal opportunity to use and enjoy [her] dwelling;" and (4) the defendant or defendants "refused to make such accommodation." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004) (quoting *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003)).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Courts also apply liberal pleading standards to determine whether a litigant has stated a claim under the FHA. *See McGary*, 386 F.3d at 1262.

KHA argues that Ms. Becker has not even alleged that it refused to make a reasonable accommodation. Ms. Becker's amended complaint alleged only that Defendant Riverstone Residential Group, LLC ("RRG") refused to provide her the accommodation she requested, a free parking spot. ECF No. 7, at 2. In her opposition to KHA's motion, Ms. Becker confirmed that providing the free parking spot was not KHA's responsibility. ECF No. 121, at 2. Thus, dismissal of this

1  claim is appropriate as against Defendant KHA because Ms. Becker has not

2  alleged that KHA denied her reasonable accommodation.

3  **B. Discrimination Claim**

4  Under the FHA, it is unlawful to "discriminate against any person in the

5  terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of

6  services or facilities in connection with such dwelling, because of a handicap of

7  . . . a person residing in or intending to reside in that dwelling."  42 U.S.C. §

8  3604(f)(2); 24 C.F.R. § 100.70(b).  In its Order dated August 29, 2012, the Court

9  dismissed this claim as against the non-KHA Defendants because Ms. Becker had

10  not alleged that the rent that she was charged had any connection to her disability.

11  ECF No. 62, at 11-12.  KHA urges dismissal of this claim for the same reason.

12  In her opposition, Ms. Becker urges the Court to deny dismissal of this claim

13  because, according to her, KHA has admitted that it raised her rent in violation of

14  the law.  But Ms. Becker's opposition suffers from the same deficiency as her

15  amended complaint.  Ms. Becker has not alleged that KHA's act of raising her rent

16  was undertaken *because of her disability*.  Thus, Ms. Becker has not adequately

17  pled a claim for discrimination under the FHA and dismissal is appropriate on this

18  claim.

19  / / /

20  / / /

ORDER GRANTING IN PART KHA'S MOTION FOR JUDGMENT ON THE
PLEADINGS ~ 6

**C. Excessive Rent Claim**

Ms. Becker asserted in her first amended complaint that she had been charged illegally high rent based on a mistaken belief that she was hiding income from the United States Coast Guard.  ECF No. 7, at 3-4.  In its Order dated August 28, 2012, the Court dismissed this claim as against the non-KHA Defendants because any claim that Ms. Becker had regarding her alleged entitlement to greater rental assistance implicated only KHA and not the other defendants.  ECF No. 83, at 12.

Although KHA requested dismissal of all claims against it in its motion for judgment on the pleadings, KHA did not address Ms. Becker's claim of greater rental assistance under the United States Housing Act of 1937, codified, as amended, at 42 U.S.C. § 1437 *et seq.*, and its implementing federal regulations. Therefore, KHA has not shown that it is entitled to dismissal of the claim of greater rental assistance and that claim remains in effect as against KHA only.

Accordingly, **IT IS HEREBY ORDERED** that KHA's motion for judgment on the pleadings, **ECF No. 111**, is **GRANTED IN PART.**  Plaintiff's claims against KHA for the alleged failure to provide a reasonable accommodation

/ / /

/ / /

/ / /

ORDER GRANTING IN PART KHA'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 7

1    and for alleged discrimination under the FHA are **dismissed with prejudice**.

2    The District Court Clerk is directed to enter this Order, enter judgment for

3    Defendant KHA accordingly, and provide copies or this Order to counsel.

4    **DATED** this 6th day of February 2013.

5

6    _____*s/ Rosanna Malouf Peterson*_____
     ROSANNA MALOUF PETERSON

7    Chief United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING IN PART KHA'S MOTION FOR JUDGMENT ON THE
PLEADINGS ~ 8